**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRYSTAL M. STANLEY,                     )        CASE NO. ED CV 11-01331 RZ
                                        )
                    Plaintiff,          )
                                        )        MEMORANDUM OPINION
          vs.                           )        AND ORDER
                                        )
MICHAEL J. ASTRUE, Commissioner         )
of  Social Security,                    )
                                        )
                    Defendant.          )
_____)

         In seeking reversal of the Social Security Commissioner's determination that she is not disabled, Plaintiff Crystal M. Stanley raises a single argument:  that the Administrative Law Judge did not make proper findings as to her credibility.  The Court does not agree.

         Plaintiff has three impairments, asthma, carpal tunnel syndrome, and shoulder pain, that are considered severe within the meaning of the Social Security Act. [AR 44] The Administrative Law Judge found that these impairments did not disable her, however, because she retained the capacity to work.  In doing so, the Administrative Law Judge stated that Plaintiff's testimony was not entirely credible, and then proceeded to explain why.  [AR 48]

         Pain alone, as testified to by a claimant, cannot be the basis for a finding of disability. 42 U.S.C. § 423(d)(5)(A).  However, because pain is idiosyncratic and not

capable of accurate objective measurement, a claim of pain that is legitimately tied to an impairment also cannot be dismissed out of hand.  Rather, the Administrative Law Judge must give specific and legitimate reasons for finding not credible the testimony that the pain ("excess pain") is greater than would normally be anticipated.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).

In saying that Plaintiff's testimony was "not entirely credible" [AR 48], the Administrative Law Judge mentioned a number of factors.  She mentioned the length of time since Plaintiff had been hospitalized for asthma, the fact that Plaintiff uses a breathing machine twice a week, and that her breathing has improved.  She mentioned that doctors cannot find any source for the shoulder pain and that none have recommended surgery. The Administrative Law Judge also mentioned that Plaintiff has no problems sitting or standing, and is able to perform a variety of activities.  [AR 48]

In this Court, Plaintiff protests that she does not have to show that she can only vegetate in a dark room before her statements must be believed.  This is, of course, true.  It also is not relevant here.  Many of the tasks Plaintiff performs, such as child rearing, grocery shopping and laundry can be arduous in their own right, and the ability to perform them, together with other activities, can legitimately be a factor for not believing a claimant as to the alleged extent of her pain.  *Bunnell*, 947 F.2d at 346; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Nor is medical evidence irrelevant in the assessment of credibility; while it alone cannot usually be the basis for disbelief, it certainly can be a factor that the Administrative Law Judge considers.  *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

The Administrative Law Judge did all that the law required of her.  There is no basis for disturbing the decision, and it is affirmed.

DATED:   May 31, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE